1
2
3
4
5

**BOIES SCHILLER FLEXNER LLP**
ALISON L. ANDERSON (SBN 275334)
*alanderson@bsfllp.com*
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

6
7
8
9
10
11
12

**BOIES SCHILLER FLEXNER LLP**
JOHN F. LASALLE (*pro hac vice* application to be filed)
*jlasalle@bsfllp.com*
ERIC BRENNER (*pro hac vice* application to be filed)
*ebrenner@bsfllp.com*
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

13

*Attorneys for Defendant Jackson National Life Insurance Company*

14
15
16

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

17
18
19
20
21
22
23
24
25
26
27

| | |
|---|---|
| JAMES HUGHES, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan Corporation; and Does 1 through 10, Inclusive,<br><br>Defendant. | Case No. 24-cv-2079<br><br>**DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>Complaint Filed: July 25, 2024 |

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** under 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), and 1446, Defendant Jackson National Life Insurance Company ("Jackson" or "Defendant") hereby removes Case Number CVRI2404312 from the Superior Court of California, County of Riverside (the "State Court Action") to the United States District Court for the Central District of California. As ground for removal, Defendant sets forth the following:

## PROCEDURAL MATTERS

1.      The original complaint in this case was filed on July 25, 2024, in the Superior Court of the State of California, County of Riverside. *See* Ex. 1.

2.      Jackson was served with process when its designated agent was served with the Summons and Complaint on September 6, 2024. Jackson is the only non-fictitious defendant in this action. This Notice of Removal is filed within thirty days after service of the Summons and Complaint on Jackson, and within one year of the date on which the case was originally filed. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3.      A true and correct copy of all process, pleadings, and orders of the State Court Action within the meaning of 28 U.S.C. § 1446(a) that have been served on Jackson are attached as Exhibit 1 through 7**.**

4.      This Notice of Removal is presented for the purpose of establishing initial jurisdiction in the District Court for the Central District of California. Nothing in this petition shall constitute an admission of liability as to any of the allegations in Plaintiff's Complaint, including whether Plaintiff has sufficiently stated a claim or can recover any relief whatsoever as a result of the claims.

5.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, Jackson is serving written notice of this filing on Plaintiff's counsel of record: Jack B. Winters and Sarah Ball of Winters & Associates; Craig M. Nicholas, Alex Tomasevic, and Jake

W. Schulte of Nicholas & Tomasevic LLP; and Christopher R. Rodriguez, Andrew D. Bluth, and Michelle M. Meyers of Singleton Schreiber, LLP. Further, Jackson will file a copy of the Notice of Removal and its accompanying documents with the clerk of the Superior Court of the State of California.

6.    Jackson has satisfied all procedural requirements of 28 U.S.C. § 1446 and removes this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**THE REQUIREMENTS UNDER 28 U.S.C. § 1332(a) ARE SATISFIED.**

7.    Under 28 U.S.C §1332(a), a federal court may sit in diversity where both parties to the litigation are citizens of different states and the amount in controversy exceeds the sum of $75,000.

8.    ***Diversity of Citizenship.***  Jackson is not a citizen of the same state as Plaintiff James Hughes.  Therefore, complete diversity jurisdiction exists under 28 U.S.C. § 1332(a).

9.    A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Defendant Jackson is a corporation formed under the laws of the State of Michigan (*see* Complaint ¶ 18), with its headquarters in Lansing, Michigan (*see* Exhibit 8, Declaration of Darlene Riley ¶ 3).   Plaintiff is a citizen of California.  *See* Compl. ¶ 17.  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded.  Complete diversity for the purposes of 28 U.S.C. § 1332 is therefore met.

10.    ***Amount in Controversy.*** Plaintiff alleges, among other things, that "As a legal and proximate result of the conduct described herein, the Class has suffered direct and foreseeable economic damages, including loss of policy benefits and/or the value of the policy and allowed interest under the terms of the policies and the law, in a nature and amount to be proven at the time of trial."  Compl. ¶ 102.

Plaintiff contends that Jackson improperly terminated his policy and the policies within the putative class, and that the "Subject Policy, and the Class policies, remain in force and benefits are payable upon the death of the insured." *Id.* ¶ 107.

11.    When a plaintiff seeks policy benefits, that amount should be considered as the amount in controversy. *See Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018). The value of the named Plaintiff's policy is "$500,000 or more." Compl. ¶ 50. In addition, Plaintiff seeks an injunction against Jackson, economic damages, noneconomic damages, restitution, treble relief, punitive damages, interest, attorneys' fees, and costs. Compl. at page 31 (Prayer for Relief). Thus, the $75,000 threshold set to establish diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied.

## THE REQUIREMENTS UNDER 28 U.S.C. § 1332(d) ARE SATISFIED.

12.    The allegations of the Complaint demonstrate that the requirements for diversity jurisdiction under the Class Action Fairness Act ("CAFA") are met.

13.    Plaintiff alleges one Class and one Sub-Class. Regarding the Class, Plaintiff seeks to represent "All owners, or beneficiaries upon a death of the insured, of Defendant's life insurance policies that were renewed, issued, or delivered by Defendant in California, and in force on January 1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72." Compl. ¶ 70. The proposed subclass is: "All members of the Class defined above who are also 65 years of age or older." *Id*.

14.    ***Class Action.*** This action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*.

15. **Diversity of Citizenship.** As stated above, Defendant Jackson is a corporation formed under the laws of the State of Michigan (*see* Compl. ¶ 18), with its headquarters in Lansing, Michigan (*see* Exhibit 8, Declaration of Darlene Riley, ¶ 3). Plaintiff is a citizen of California. Compl. ¶ 17.

16. Because at least one member of the proposed classes is from a state other than Michigan the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

17. **Number of Putative Class Members.** Plaintiff seeks to represent "All owners, or beneficiaries upon a death of the insured, of Defendant's life insurance policies that were renewed, issued, or delivered by Defendant in California, and in force on January 1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72." Compl. ¶ 70. The proposed subclass is: "All members of the Class defined above who are also 65 years of age or older." *Id*. Plaintiff asserts that "the proposed Class and Sub-class contain hundreds and perhaps thousands of members." Compl. ¶ 71. Therefore, the number of members of the proposed classes is more than 100, satisfying the requirements of 28 U.S.C. § 1332(d)(5)(B).

18. **Amount in Controversy.** Plaintiff's allegations in the Complaint render the amount in controversy more than the $5 million jurisdictional threshold. *See* 28 U.S.C. § 1332(d)(2).

19. In Plaintiff's claim for breach of contract he alleges that "[a]s a legal and proximate result of the conduct described herein, the Class has suffered direct and foreseeable economic damages, including loss of policy benefits and/or the value of the policy and allowed interest under the terms of the policies and the law..." Compl. ¶ 102.

20. In addition, Plaintiff seeks, on behalf of himself and the proposed Class, "lost money acquired illegally by Defendants," injunctive relief, and fees for his claim of unfair competition. Compl. ¶¶ 111, 112, 117.

21.    "Plaintiff and all other members of the elder abuse Sub-class seek compensatory damages and all other remedies otherwise provided by law in an amount to be proven at trial, as well as reasonable attorneys' fees and costs under California Welfare and Institutions Code Section 15657.5." Compl. ¶ 126. The plaintiff also seeks an award of punitive damages on behalf of himself and the Sub-class. *Id.* ¶127

22.    The Plaintiff also seeks fees and costs and compensatory damages for his individual claim of bad faith. Compl. ¶¶ 141-142.

23.    On behalf of the Class, Plaintiff seeks damages in connection with the allegedly improper termination of life insurance policies issued by Jackson that terminated after January 1, 2013.  Plaintiff alleges that each Jackson breached those policies by failing to follow the requirements of California Insurance Code Section 10113.71 and 10113.72.  Plaintiff also seeks the "revival" of the Class Policies. Compl. ¶ 111.  Plaintiff alleges that "[m]ore than 10% of annual premiums received by JNLIC emanate from California where JNLIC lapses more than 2,500 policies a year for nonpayment of premiums."  Compl. ¶ 25.

24.    When calculating the $5 million CAFA threshold, "[a]mong other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona*, *LLC,* 899 F.3d 785, 793 (9th Cir. 2018).

25.    In determining the amount in controversy "the claims of the individual class members shall be aggregated . . . ."  28 U.S.C. §§ 1332(d)(6).

26.    The value of the named Plaintiff's policy alone is "$500,000 or more." Compl. ¶ 50.

27.    Plaintiff contends "the proposed Class and Sub-class contain hundreds and perhaps thousands of members." Compl. ¶ 71

DEFENDANT'S NOTICE OF REMOVAL

28.     Given the value of the claim and the "hundreds and perhaps thousands" of putative class members, and the relief sought by Plaintiff in his Complaint, there can be no doubt that the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold…"); *id*. at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

29.     ***Timeliness.***  Actions removed under CAFA are not subject to the one-year limitation set forth in 28 U.S.C. § 1446(b).  *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply) . . .").

30.     Under CAFA, if and when it is first "ascertained that [a putative class action] is one which is or has become removable," the defendant may file a notice of removal within thirty days.  28 U.S.C. § 1446(b)(3).

31.     Here, however, Defendant moved for removal within the 1-year limitation, within 30 days of service of the summons and Complaint. This Notice of Removal is timely filed per 28 U.S.C. § 1446(b)(3).

32.     ***Venue.***  The United States District Court for the Central District of California is a federal judicial district embracing the Superior Court of the State of California in the County of Los Angeles, where Plaintiffs filed this suit.  Venue is therefore proper under 28 U.S.C. § 1441(a).

33.     True and correct copies of the following documents are attached to this Notice of Removal:

       a.  Exhibit 1: Plaintiff's Complaint

       b.  Exhibit 2: Summons

       c.  Exhibit 3: The Civil Cover Sheet

       d.  Exhibit 4: The Case Management Order, dated August 9, 2024

       e.  Exhibit 5: The Notice of Case Management Conference

       f.  Exhibit 6: Notice of Department Assignment

       g.  Exhibit 7: Notice of Appearance of Attorney Sarah Ball

       h.  Exhibit 8: Declaration of Darlene Riley, dated September 24, 2024

34.     ***No Exceptions Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

## **CONCLUSION**

Based on the foregoing, Defendant hereby removes this action, now pending in the Superior Court of the State of California, County of Riverside, Case No. CVRI2404312, to the United States District Court for the Central District of California.

Dated:  September 27, 2024      BOIES SCHILLER FLEXNER LLP

                              By: */s/ Alison L. Anderson*
                              ALISON L. ANDERSON (SBN 275334)
                              *alanderson@bsfllp.com*
                              2029 Century Park East, Suite 1520
                              Los Angeles, CA 90067
                              Telephone: (213) 629-9040
                              Facsimile: (213) 629-9022

                              JOHN F. LASALLE (*pro hac vice* application to be filed)
                              *jlasalle@bsfllp.com*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERIC BRENNER (*pro hac vice* application to be filed)
*ebrenner@bsfllp.com*
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Defendant Jackson National Life Insurance Company*

DEFENDANT'S NOTICE OF REMOVAL